## Case No. 16,581.

UNITED STATES v. TWO HUNDRED AND SEVENTY-EIGHT BARRELS OF DISTILLED SPIRITS.

[4 Law & Eq. Rep. 237.] [1]

Circuit Court, D. Massachusetts. July 19, 1877.

INTERNAL REVENUE—INFORMER—SPECIAL TREASURY AGENT.

A special agent of the government appointed to investigate a fraud is not an informer in re-

[1] [Reprinted by permission.]

spect to facts found in the ordinary and regular discharge of his duty.

Cornelius Stagg filed a petition to share, as informer, in the forfeiture in this case, which was prosecuted under the internal revenue laws and resulted in favor of the United States. The petitioner's rights were dependent upon the statute of 1866 (14 Stat. 145), which gave to the person who should first inform of the cause, matter or thing, whereby any fine, penalty or forfeiture shall be incurred, such share thereof as the secretary of the treasury should by general regulations provide, not exceeding one moiety, nor more than five thousand dollars; the informer to be ascertained by the court which shall have imposed the fine, etc. The petitioner alleged that he held an appointment as special agent of the treasury department, and that he came to Boston at the request of the collector of internal revenue for the Third district to investigate the fraud by reason of which the forfeiture was incurred, and while so employed he acquired information which led to the forfeiture and gave the information to the collector. The United States filed an answer, which amounted to a demurrer.

P. Cummings, for the United States.
G. M. Reed, for petitioner.

LOWELL, District Judge. It was decided by the district court for this district, that a special agent detailed to investigate a known or suspected fraud and making useful discoveries in the direct line of the investigation, was not to be considered an informer under the statute of 1866. U. S. v. One Hundred Barrels of Distilled Spirits [Case No. 15,946]. The scope of this decision was explained in a later case, in which I gave an informer's share to a deputy collector. U. S. v. Thirty-Four Barrels of Whiskey [Id. 16,462]. Judge Hoar, when attorney-general, in a very elaborate and able opinion, traced the history of legislation on this subject, and while abstaining from any intimation of his opinion touching the precise case now before us, that of a special agent or detective, dissented from so much of the decision in U. S. v. One Hundred Barrels, supra, as held an officer of internal revenue not to be entitled to call himself an informer in respect to facts discovered in the ordinary and regular discharge of his duty. Such I understand to be likewise the meaning of Judge Benedict's decision in U. S. v. Chassell [Case No. 14,789], while Judge Blatchford agrees with my decision. Four Cutting Machines [Id. 4,987].

In this state of opinion two judges of this court have reviewed the law upon the subject, and we adhere to the opinion that it is not the intention of congress that a special agent appointed to investigate a suspected fraud shall have an informer's share, because he investigates thoroughly and discovers facts which were only surmised. As it has fallen to my part to pronounce the opinion, I can only

say that my decisions already cited give all the reasons that I consider it necessary to give at this time. Petition denied.